Case 4:23-cv-02369   Document 33   Filed on 08/19/24 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
August 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KEVIN BRADY,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CIVIL ACTION NO. 4:23-cv-2369** |
| § | |
| **MARTIN O'MALLEY,** § | |
| § | |
| Defendant. § | |
| § | |
| § | |

## MEMORANDUM AND RECOMMENDATION

*Pro se* Plaintiff Kevin Brady ("Plaintiff") filed this lawsuit against Defendant Martin O'Malley[1] (the "Commissioner") seeking review of the denial of benefits under Titles II and XVI of the Social Security Act. (ECF No. 1). Pending before the Court[2] is Plaintiff's Motion for Summary Judgment (ECF No. 22) and Commissioner's Motion for Summary Judgment (ECF No. 20). Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment (ECF No. 22) be

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. O'Malley is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] On April 29, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 31).

**DENIED** and Commissioner's Motion for Summary Judgment (ECF No. 20) be **GRANTED**.[3] The Court **FURTHER RECOMMENDS** the Commissioner's decision be **AFFIRMED** and the case be **DISMISSED WITH PREJUDICE**.

## I. Background

Plaintiff filed a claim for disability insurance benefits on June 1, 2021, alleging disability starting on May 15, 2017. (ECF No. 15-3 at 21).[4] Plaintiff sought benefits for "anxiety, herniated discs, muscle spasms, [and] chronic back pain." (ECF No. 15-4 at 3). Plaintiff's claims were initially denied by the Social Security Administration on February 2, 2022, and again on reconsideration on August 3, 2022. (*Id.* at 11, 43). On August 16, 2022, Plaintiff requested a hearing before an Administrative Law Judge. (ECF No. 15-5 at 47). On December 20, 2022, Plaintiff appeared and testified at a hearing before Administrative Law Judge Kelly Matthews (the "ALJ"). (ECF No. 15-3 at 65). Plaintiff was represented by counsel at the hearing. (*Id.*). Russell B. Bowden, a vocational expert ("VE"), also testified. (*Id.*).

On February 9, 2023, the ALJ issued a decision, finding Plaintiff not disabled at Step Five of the evaluation process.[5] (*Id.* at 21–42). At Step One,

---

[3] Also pending before the Court are Plaintiff's Motion for Default Judgment (ECF No. 27) and Motion to Reject Defendant's Filings (ECF No. 29). The Court recommends these motions (ECF Nos. 27, 29) be **DENIED AS MOOT**.

[4] The Administrative Record in this case can be found at ECF No. 15.

[5] In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2)

2

the ALJ found Plaintiff had not engaged in substantial gainful activity since May 15, 2017. (*Id.* at 24). At Step Two, the ALJ found Plaintiff has the following severe impairments: "degenerative disc disease (DDD); obesity; anxiety; and depression (20 CFR 404.1520(c) and 416.920(c))." (*Id.*). At Step Three, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (*Id.*). The ALJ determined that Plaintiff has the Residual Functional Capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, and he can occasionally balance, stoop, kneel, crouch, and crawl. He can never be exposed to workplace hazards, such as unprotected heights, unprotected moving machinery, or commercial driving. He can understand, remember, and carryout detailed but not complex instructions.

(*Id.* at 27). At Step Four, the ALJ found Plaintiff is unable to perform any past relevant work. (*Id.* at 40). At Step Five, the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could

---

whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

perform—such as packer, assembler, laundry folder—and therefore Plaintiff was not disabled as defined under the Social Security Act. (*Id.* at 41).

Plaintiff appealed to the Appeals Council and the Appeals Council denied Plaintiff's request for review on May 18, 2023. (*Id.* at 1). Thus, the ALJ's decision represents the Commissioner's final decision in the case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

## II. Legal Standard

The Court's review of a final decision of the Commissioner on a Social Security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "[R]eview of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner

which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. The court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

### III. Discussion

Plaintiff asserts "[m]edical records, SSA statements, testimony, [and] medical restrictions are exhibits" that show he should be awarded social security benefits. (ECF No. 25 at 1). In his briefing, Plaintiff quotes various pieces of evidence and argues Commissioner omitted and misrepresented the evidence. (*See id.* at 1–6). Conversely, Commissioner argues substantial

5

evidence supports the ALJ's decision that Plaintiff was not disabled and, thus, the decision must be affirmed. (ECF No. 20-1 at 5).

Judicial review of the ALJ's findings is limited to whether: (1) the decision to deny benefits is supported by substantial evidence and (2) the proper legal standard was utilized. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). However, as other courts have recognized, a plaintiff proceeding *pro se* is unfamiliar with legal terms of art such as "substantial evidence" and lacks expertise in the rules governing Social Security regulations. *See Washington v. Barnhart*, 413 F. Supp. 2d 784, 791 (E.D. Tex. 2006).

More often than not, *pro se* litigants invite the Court to re-weigh the evidence and come to a different conclusion than the ALJ did, which the Court may not do. *Id.* Because "[n]o statute, regulation or court decision prescribes a precise analytical model for *pro se* actions seeking judicial review of adverse administrative decisions by the Commissioner of Social Security . . . , the level of scrutiny rests in sound discretion of each reviewing court." *Elam v. Barnhart*, 386 F. Supp. 2d 746, 752–53 (E.D. Tex. 2005).

However, while courts agree they "must construe *pro se* pleadings and arguments liberally in light of a party's lay status," they must also "maintain their role as neutral and unbiased arbiters." *Betty Ann B. v. Soc. Sec. Admin.*, No. 3:18-cv-2287, 2020 WL 1236527, at *2 (N.D. Tex. Mar. 12, 2020). "Courts

are not bound to scour the record for every conceivable error, but fundamental fairness and interests of justice require that courts not disregard obvious errors, especially when a lay litigant's ignorance may cause legal errors to go unrecognized." *Elam*, 386 F. Supp. 2d at 753 (internal quotations omitted) (collecting cases).

To strike a fair balance, the Court engages in more than a superficial review of the ALJ's decision. *See id.* "But, since the Court is not an advocate, it has no duty to plumb the depths of every facet of the administrative process." *Betty Ann B.*, 2020 WL 1236527, at *2. Here, the Court will examine the ALJ's decision to the same extent an experienced lawyer would when advising a potential client regarding the advisability of pursuing an action for judicial review. *See Elam*, 386 F. Supp. 2d at 753. "This approach assumes that the practitioner is experienced in the subject matter, and willing, but not compelled, to represent the plaintiff. It further assumes that the practitioner's first exposure to the case is after the Commissioner's decision has become final." *Id.* In following this approach, the Court engages in three critical inquiries:

> 1. Does the ALJ's decision generally reflect the protocol established in the Social Security Act, the ALJ's own regulations, and internal policies articulated in Social Security Rulings?
>
> 2. Were the ALJ's critical fact findings made in compliance with applicable law?

3. Does substantial evidence support those critical findings?

*See Washington v. Barnhart*, 413 F. Supp. 2d 784, 792 (E.D. Tex. 2006); *Smith v. Berryhill*, No. 3:18-cv-023, 2018 WL 4855288, at *2 (S.D. Tex. Sept. 19, 2018), *report and recommendation adopted*, No. 3:18-cv-023, 2018 WL 4852562 (S.D. Tex. Oct. 5, 2018) (following the same framework in analyzing a *pro se* plaintiff's appeal of an ALJ's decision); *Vanessa H. v. Saul*, No. 3:18-cv-2236, 2019 WL 4279622, at *3 (N.D. Tex. July 30, 2019), *report and recommendation adopted*, No. 3:18-cv-2236, 2019 WL 4277153 (N.D. Tex. Sept. 9, 2019) (same).

Even affording Plaintiff the more lenient approach outlined above, because (1) the ALJ has followed the applicable protocol, regulations, and policies; (2) her fact finding complies with applicable law; and (3) those findings are supported by substantial evidence, the Court recommends the ALJ's decision should be affirmed in all respects.

### a. The ALJ Properly Applied the Law and Facts

The Court first reviews this *pro se* appeal to determine whether the ALJ's decision generally reflects the protocol established in the Social Security Act, the ALJ's own regulations, internal policies articulated in Social Security Rulings, and whether the ALJ's critical fact findings were made in compliance with applicable law. *Thomas v. Colvin*, No. 3:12-cv-4415, 2013 WL 6869652 (N.D. Tex. Dec. 30, 2013), *aff'd*, 587 F. App'x 162 (5th Cir. 2014).

The record reflects that the ALJ conducted an extensive review of the law and facts applicable to Plaintiff's disability claim during the five-step sequential evaluation process. (ECF No. 15-3 at 24–42). First, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 15, 2017. (ECF No. 15-3 at 24).

The ALJ then found Plaintiff suffered from one or more serious impairments (degenerative disc disease, obesity, anxiety, and depression). (*Id.*). In finding Plaintiff's impairments are not severe enough to meet the criteria of a listing under Step 3 of the sequential evaluation, the ALJ supported her determination with a discussion of the relevant evidence. *See Audler v. Astrue*, 501 F.3d 446, 448–49 (5th Cir. 2007). That is, she explained that the medical opinions and other evidence of record did not establish that Plaintiff's symptoms were sufficiently severe to meet or medically equal one of the impairments listed in the Social Security regulations. (*See* ECF No. 15-3 at 24–26). An ALJ's findings "'regarding the debilitating effect of the subjective complaints are entitled to considerable judicial deference.'" *Haywood v. Sullivan*, 888 F.2d 1463, 1470 (5th Cir. 1989) (quoting *James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986)).

The ALJ found Plaintiff had the RFC to perform light work. (ECF No. 15-3 at 27). The ALJ limited Plaintiff, stating:

9

> he can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, and he can occasionally balance, stoop, kneel, crouch, and crawl. He can never be exposed to workplace hazards, such as unprotected heights, unprotected moving machinery, or commercial driving. He can understand, remember, and carryout detailed but not complex instructions.

(*Id.*). The ALJ then found Plaintiff is unable to perform any past relevant work. (*Id.* at 40). However, the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including packer, assembler, and laundry folder. (*Id.* at 41). Therefore, the ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.*).

Based on this review, the Court concludes that the ALJ's decision generally reflects the protocol established in the Social Security Act, the ALJ's own regulations, internal policies articulated in Social Security Rulings, and that the ALJ's critical fact findings were made in compliance with applicable law. *See Thomas*, 2013 WL 6869652, at *4.

   b. <u>Substantial Evidence Supports the ALJ's Finding of No Disability</u>

The Court's final inquiry is whether substantial evidence supports the ALJ's findings.

The ALJ first reviewed all of the record and determined the medical opinions and other evidence did not support a finding that Plaintiff's impairments meet or equal any impairment in the Social Security regulations,

and he has the RFC to perform the jobs of packer, assembler, and laundry folder. (ECF No. 15-3 at 24–42). Concluding that the ALJ's findings were not supported by substantial evidence would only be appropriate if no credible evidentiary choices or medical findings supported her decision. *See Simeon ex rel. D.M.B. v. Astrue*, No. 09-cv-756, 2010 WL 2160834, at *4 (W.D. Tex. May 25, 2010) (citing *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988)).

Construing Plaintiff's arguments liberally, the Court presumes Plaintiff is asserting that the ALJ failed to consider all the evidence. (*See* ECF No. 25). As an initial matter, "the ALJ is not always required to do an exhaustive point-by-point discussion" of each piece of evidence at every step. *Audler*, 501 F.3d at 448; *see Charland v. Astrue*, No. 08-cv-1072, 2010 WL 624047, at *3 (N.D. Tex. Feb. 22, 2010) ("The ALJ is not statutorily or judicially obligated to explicitly list all the evidence he or she takes into account[.]").

Here, the ALJ specifically addressed many of the doctors identified by Plaintiff in his brief in support of his Motion for Summary Judgment (Dr. Yaw Badu (ECF No. 15-3 at 29); Dr. Khoa Pham (*id.* at 30); Emily Padgett (*id.*); Dr. Daryl Daniel (*id.* at 31); Dr. David Vanderweide (*id.* at 33); Dr. Scott Sims (*id.* at 38), and "Dr. Syed" (*id.*)). However, "[t]he fact that the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider all of the other evidence in the record." *See Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010); *see also Todd C. v. Saul*, No. 4:19-cv-1811, 2021

11

WL 2651166, at *12 (S.D. Tex. June 28, 2021) ("An ALJ's failure to mention a particular piece of evidence does not necessarily mean that he failed to consider it.").

The Court cannot "reweigh the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994). Further, "[t]he ALJ has the discretion to weigh conflicting evidence and determine the credibility of the witness testimony and expert opinions." *Janice H. v. Martin O'Malley, Comm'r of The Soc. Sec. Admin.,* No. 4:23-cv-3170, 2024 WL 3497937, at *5 (S.D. Tex. July 22, 2024). Based on this review, the Court concludes that the ALJ's decision is supported by substantial evidence.

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment (ECF No. 22) be **DENIED** and Commissioner's Motion for Summary Judgment (ECF No. 20) be **GRANTED**.[6] The Court **FURTHER RECOMMENDS** the Commissioner's decision be **AFFIRMED** and the case be **DISMISSED WITH PREJUDICE**. The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have

---

[6] Also pending before the Court are Plaintiff's Motion for Default Judgment (ECF No. 27) and Motion to Reject Defendant's Filings (ECF No. 29). The Court recommends these motions (ECF Nos. 27, 29) be **DENIED AS MOOT**.

fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

    **SIGNED** in Houston, Texas on August 19, 2024.

                                                    Richard W. Bennett
                                       United States Magistrate Judge